Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Edward W. Choi, Esq. SBN 211334
edward.choi@choiandassociates.com
LAW OFFICES OF CHOI & ASSOCIATES
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 465-4885

David Lee, Esq. SBN 296294
david@davidjleelaw.com
DAVID LEE LAW
515 S. Flower Street, Suite 3600
Los Angeles, California 90071
T: (213)236-3536
F: (866) 658-4722

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL SERRANO CASTILLO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SHERATON OPERATING CORPORATION, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-07091<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:       August 9, 2018<br>Time:       10:00 a.m.<br>Location:   6D<br>Judge:      Hon. Fernando M. Olguin |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at 10:00 a.m., on August 9, 2018, or as soon thereafter as the matter can be heard in Courtroom 6D of the United States District Court, Central District of California, located at 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012, before the Honorable Fernando M. Olguin, Plaintiff MIGUEL ANGEL SERRANO CASTILLO ("Plaintiff") will and hereby does move this Court for an Order preliminarily approving the proposed class action settlement. Specifically, Plaintiff respectfully requests that the Court order as follows:

1.     Grant preliminary approval of the proposed class action settlement;

2.     Grant conditional certification of the proposed settlement class;

3.     Authorize the mailing of the proposed notice to the class of the settlement; and

4.     Schedule a "fairness hearing," i.e., a hearing on the final approval of the settlement.

Plaintiff makes this motion on the grounds that the proposed settlement is fair and within the range of possible final approval.  This Motion is based upon this Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the attached Memorandum of Points and Authorities in Support, the accompanying Declarations of Edward W. Choi, Larry W. Lee, David J. Lee, and Miguel Angel Serrano Castillo, the accompanying Joint Stipulation of Class Action Settlement and Release, any oral argument of counsel, the complete files and records in the above-captioned matter, and such additional matters as the Court may consider.

DATED:  June 8, 2018          LAW OFFICES OF CHOI & ASSOCIATES, P.C.


By:   /S/ EDWARD W. CHOI, ESQ.
        Edward W. Choi, Esq.
        Attorney for Plaintiff and the Class

2

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION AND SUMMARY OF AGREEMENT ..............................1

A.    SUMMARY OF THE CLAIM AT ISSUE AND THE CURRENT SETTLEMENT ...............................................................................................2

B.    PROCEDURAL HISTORY ..........................................................3

II.   DISCUSSION ....................................................................................3

A.    THE PROPOSED SETTLEMENT CLASS SATISFIES THE ELEMENTS FOR FLSA CLASS CERTIFICATION ........................................5

1.    Numerosity ..............................................................................6

2.    Ascertainability ......................................................................6

3.    Typicality ................................................................................6

4.    Commonality ...........................................................................7

5.    Adequacy .................................................................................7

6.    Common Questions of Law and Fact Predominate .................8

7.    Superiority of Class Action ....................................................8

B.    THE SETTLEMENT IS WITHIN THE RANGE OF POSSIBLE JUDICIAL APPROVAL BASED ON AN APPLES TO APPLES COMPARISON WITH PRIOR APPROVED SETTLEMENTS IN THIS DISTRICT ..................................................................................................8

C.    ARMS-LENGTH NEGOTIATION OF THE SETTLEMENT DISCUSSIONS WARRANT APPROVAL ......................................................9

1.    Experience Of Class Counsel ................................................10

2.    Investigation And Discovery Prior To Settlement .................10

3.    Risk of Continued Litigation .................................................11

4.    The Complexity, Expense, And Likely Duration Of Continued Litigation Against The Settling Defendant Favors Approval ..........................................12

5.    Non-Admission Of Liability By Defendant ...........................12

i

6.      Settlement Was The Result of Private Mediation and With Approval of the Class Representative.......................................................................12

D.   INCENTIVE PAYMENT ...........................................................13

E.   ADEQUACY OF CLASS NOTICE ............................................14

F.   ADMINISTRATION OF THE SETTLEMENT ..........................14

G.   THE SCOPE OF THE RELEASE IS LIMITED TO THE CLAIMS ALLEGED IN THIS ACTION ONLY...........................................15

H.   ATTORNEYS FEES AND COSTS.............................................15

III.  CONCLUSION ..................................................................................16

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alonzo v. Maximus, Inc.,*
  275 F.R.D. 513, 521 (C.D. Cal. 2011) ........................................................7

*Boyd v. Bechtel Corp.,*
  485 F. Supp. 610, 616-17 (N.D. Cal. 1979) ............................................11

*Brown v. CVS Caremark, et al.,*
  U.S.D.C., Central District, Case No. 2:15-cv-07631-JFW-PJW ....................9, 11

*Gaskill v. Gordon,*
  160 F.3d 361, 363 (7th Cir. 1998) ..........................................................16

*Girsh v. Jepson,*
  521 F.2d 153, 157 (3d Cir. 1975) ....................................................... 11, 12

*Hammon v. Barry,*
  752 F. Supp. 1087, 1093-1094 (D.D.C. 1990) ...........................................9

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011, 1019 (9th Cir. 1998) ......................................................7, 8

*Harris v. Palm Springs Alpine Estates, Inc.,*
  329 F.2d 909, 913-14 (9th Cir. 1964) ......................................................6

*In re Chicken Antitrust Litig.,*
  560 F. Supp. 957, 962 (N.D. Ga. 1980) ...................................................9

*In re General Motors Corp.,*
  55 F.3d 768, 806 (3d Cir. 1995) ...........................................................11

*In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig.,*
  122 F.R.D. 251, 256 (C.D. Cal. 1988) ......................................................6

*Laffitte v. Robert Half Int'l,*
  1 Cal. 5th 480, 503 ..............................................................................16

iii

*Lerwill v. Inflight Motion Pictures, Inc.*,
  582 F.2d 507, 512 (9th Cir. 1978)..................................................................7

*Magadia v. Wal-Mart*,
  2018 WL 339139 (N.D. Cal. Jan. 9, 2018)..................................................7

*Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.*,
  834 F.2d 677, 682 (7th Cir. 1987)..............................................................9

*McKenzie v. Fed. Express Corp.*,
  275 F.R.D. 290, 299 (C.D. Cal. 2011) ............................................... 7, 9, 11

*National Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523, 528 (C.D. Cal. 2004) ........................................... 9, 10, 12

*Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*,
  688 F.2d 615, 625 (9th Cir. 1982)................................................... 4, 5, 12

*Ortega v. J.B. Hunt Transp., Inc.*,
  258 F.R.D. 361, 374 (C.D. Cal. 2009) ......................................................7

*Philadelphia Hous. Auth. v. Am. Radiator & Standard. Sanitary Corp.*,
  323 F. Supp. 364, 372 (E.D. Pa. 1970) ...................................................5

*Priddy v. Edelman*,
  883 F.2d 438, 447 (6th Cir. 1989)..............................................................9

*Radcliffe v. Experian Info. Solutions Inc.*,
  715 F.3d 1157 (9th Cir. 2013)..................................................................13

*Sommers v. Abraham Lincoln Federal Sav. & Loan Ass'n*,
  79 F.R.D. 571, 576 (E.D. Pa. 1978) ........................................................10

*Stafford v. Brink's, Inc.*,
  C.D. Cal. Case No. CV-14-01352-MWF (PLAx)................................................7

*Steinberg v. Carey*,
  470 F. Supp. 471, 478 (S.D.N.Y. 1979).....................................................10

*Util. Reform Project v. Bonneville Power Admin.*,
  869 F.2d 437, 443 (9th Cir. 1989)..............................................................4

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

*Van Bronkhorst v. Safeco Corp.*,

    529 F.2d 943, 950 (9th Cir. 1976)..................................................................12

*Young v. Katz*,

    447 F.2d 431, 433-34 (5th Cir. 1971) ...................................................12

**Statutes**

Labor Code § 226(a) ..............................................................................2, 7, 15

Labor Code § 2698, *et seq.* ("PAGA"). ....................................... 1-3, 13, 15

**Rules**

California Code of Civil Procedure § 1542 ........................................13, 15

Federal Rule of Civil Procedure 23 ......................................................... 6-8

**Other Authorities**

4 Conte & Newberg, Newberg on Class Actions,

    §11.26 (4th ed. 2010).....................................................................4, 8, 10, 12

5 James Wm. Moore et al., Moore's Federal Practice §23.165 (3d ed. 2010) ..........4

Manual for Complex Litigation ("MCL") (4th ed. 2004), § 21.632 .....................4, 5

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF AGREEMENT

Plaintiff MIGUEL ANGEL SERRANO CASTILLO ("Plaintiff" or "Named Plaintiff") seeks preliminary approval of the Stipulation and Settlement of Class Action Claims ("Settlement Agreement" or "Stipulation") that has been reached in the above-captioned matter with Defendant SHERATON OPERATING CORPORATION ("Defendant") (Defendant and Plaintiff collectively referred to as the "Parties").

Specifically, the Parties have reached a class-wide resolution of the claims alleged in this lawsuit on behalf of a class of employees defined as "all persons who are employed or have been employed by Defendant as a non-exempt employee in California from September 26, 2016 to July 16, 2018, who based on Defendant's available records received a paper pay summary that reflected either overtime or shift differential pay" (Settlement Agreement ¶1.2)

The terms of the settlement provide that Defendant shall pay a gross settlement fund of Nine Hundred Thousand Dollars ($900,000).  (Settlement Agreement ¶1.15).  The parties currently estimate and project that after deduction for claims administration costs, attorneys' fees, costs, PAGA penalties, and Plaintiff's representative enhancement, the net settlement fund of approximately $540,500 will be distributed between an approximately 680 class members based upon the number of pay periods each class member worked for Defendant where the Class Member received a paper pay summary was received by the Settlement Class Member during the Class Period that included a payment for overtime and/or shift differential wages.  (Settlement Agreement ¶¶1.18, 5.1)  Moreover, this is a **non-reversionary settlement**, such that the entire settlement amount will be distributed and no remaining amounts, *i.e.*, unclaimed funds, will revert back to Defendant. (Settlement Agreement ¶¶4.1)

Accordingly, through this Motion, the Parties respectfully request

1

preliminary approval of the class action settlement.

## A.    SUMMARY OF THE CLAIM AT ISSUE AND THE CURRENT SETTLEMENT

On September 26, 2017, Plaintiff filed a putative class action Complaint in the United State District Court, Central, asserting claims against Defendant for alleged violation of the California Labor Code for failure to provide complete, accurate, or properly formatted wage statements and claims for interest, attorneys' fees and costs.  (Declaration of Edward Choi ("Choi Decl.") ¶ 3) Specifically, Plaintiff alleged that whenever overtime or shift differential wages were paid, the corresponding wage statements failed to show the accurate rates of pay, in violation of Labor Code § 226(a).  (Choi Decl. ¶ 4)

Defendant claims that the allegations have no merit and do not give rise to liability.  (Choi Decl. ¶ 6).  The negotiations were hard fought and contentious.  As a result thereof, the parties have reached the current settlement, which provides for a total settlement sum of Nine Hundred Thousand Dollars ($900,000), inclusive of payments to settlement class members, class representative enhancements, attorneys' fees and costs, PAGA payments to the State of California, and administration costs.

Pursuant to the terms of the Settlement Agreement, each Settlement Class Member will be entitled to share in the Net Settlement Amount based upon the number of pay periods each class member worked for Defendant where the Class Member received a paper pay summary was received by the Settlement Class Member during the Class Period that included a payment for overtime and/or shift differential wages.  (Settlement Agreement ¶5.1)

The Class Members can be ascertained from Defendant's payroll records.  (Choi Decl. ¶ 12).  As of the date of Preliminary Approval, the Parties anticipate the Class will consist of approximately 680 individuals.  (Choi Decl. ¶ 13).

Finally, no claim forms will be necessary for any Class Member to

2

participate in the settlement.  (Settlement Agreement ¶ 5.1)  Thus, any Class Member who does not opt-out from this Settlement will automatically be issued their share of the settlement proceeds.

## B.    PROCEDURAL HISTORY

Plaintiff filed the initial class action Complaint against Defendant on September 26, 2017, in US District Court, Central District of California.

Thereafter, Plaintiff filed a First Amended Complaint on the same date to correct his inadvertent mistake.  (Choi Decl. ¶ 5).  Subsequently, the Parties stipulated to a leave for Plaintiff to file a Second Amended Complaint after the expiration of the PAGA notice period. (Choi Decl. ¶ 5).  On November 30, 2017, Plaintiff filed his Second Amended Complaint to include a cause of action for PAGA ("Operative Complaint"). (Choi Decl. ¶5).  The Parties have served their Initial Disclosures, propounded and responded to written discovery and engaged in an extensive meet and confer process regarding discovery.  (Choi Decl. ¶ 7).  Defendant produced all of the data necessary for Plaintiff to conduct a thorough analysis for liability and damages.  (Choi Decl. ¶ 8).  Thereafter, the Parties engaged in a full day mediation with well respected mediator David Rotman.  (Choi Decl. ¶ 8).

## II.   DISCUSSION

Any settlement of class litigation must be reviewed and approved by the Court.  This is done in two steps: (1) an early (preliminary) review by the court, and (2) a final review and approval by the court after notice has been distributed to the class members for their comment or objections. The Manual for Complex Litigation, Fourth states:

> Review of a proposed class action settlement generally involves two hearings.  First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation.  In some cases, this initial evaluation can be made on the basis of information

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

> already known, supplemented as necessary by briefs, motions, or informal presentations by parties....  The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

Manual for Complex Litigation ("MCL") (4th ed. 2004), § 21.632.

Thus, the preliminary approval by the trial court is simply a conditional finding that the settlement appears to be within the range of acceptable settlements. As Professor Newberg comments, "[t]he strength of the findings made by a judge at a preliminary hearing or conference concerning a tentative settlement proposal may vary.  The court may find that the settlement proposal contains some merit, is within the range of reasonableness required for a settlement offer, or is presumptively valid subject only to any objections that may be raised at a final hearing."  4 Conte & Newberg, Newberg on Class Actions, § 11.26 (4th ed. 2010). Accordingly, a court should grant preliminary approval of a class action settlement where it is within the "range of reasonableness." Here, the Parties have reached such an agreement and have submitted it to the Court in connection with this filing.

As a matter of public policy, settlement is a strongly-favored method for resolving disputes.  *Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).  This is especially true in complex class actions such as this case.  *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

Preliminary approval does not require the Court to make a final determination that the settlement is fair, reasonable and adequate.  Rather, that decision is made only at the final approval stage, after class members have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement.  5 James Wm. Moore et al., Moore's Federal Practice §23.165 (3d

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

ed. 2010).  In considering the settlement, the Court need not reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute and need not engage in a trial on the merits.  *Officers for Justice*, 688 F.2d at 625.  Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement ... may be submitted to members of the prospective class for their acceptance or rejection."  *Philadelphia Hous. Auth. v. Am. Radiator & Standard. Sanitary Corp*., 323 F. Supp. 364, 372 (E.D. Pa. 1970).

"The judge should raise questions at the preliminary hearing and perhaps seek an independent review if there are reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys."  MCL § 21.633.

Here, the proposed settlement does not pose such issues.  This was a highly-contentious litigation with the Parties each being represented by highly-competent counsel.  As discussed above and the declarations submitted herewith, the Parties engaged in substantial investigation and discovery related to the claims and defenses alleged in this case.  Further, the proposed settlement was reached after the Parties utilized the assistance of an experienced mediator and after substantial arms-length negotiations between the Parties.

As detailed herein, the proposed Settlement satisfies the standard for preliminary approval as it is well within the range of possible approval and there are no grounds to doubt its fairness.  Counsel for Plaintiff and Defendants have extensive experience in employment law, particularly wage and hour litigation, and reached a settlement only after mediation and extensive arm's-length negotiations.

## A.   THE PROPOSED SETTLEMENT CLASS SATISFIES THE ELEMENTS FOR FLSA CLASS CERTIFICATION

The proposed settlement class meets all the requirements for class certification as follows.

5

### 1. Numerosity

The numerosity requirement is satisfied if the proposed class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Impracticable does not mean impossible, only that it would be difficult or inconvenient to join all members of the class. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). The Parties estimate that as of the Date of Preliminary Approval the class will consist of approximately 680 individuals. (Choi Decl. ¶ 13) Accordingly, here, the Class is numerous and clearly satisfies the numerosity prong as the class exceeds 100 individuals.

### 2. Ascertainability

As stated, above, Defendant has already ascertained the Class Members through Defendant's payroll records. (Choi Decl. ¶ 12)

### 3. Typicality

Typicality under Rule 23(a)(3) is satisfied if the representative plaintiff's claims share a common element with the class: i.e., those claims arise from the same course of conduct that gave rise to the claims of other settlement class members. *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988).

Here, Plaintiff submits that his claims are typical of those of other Class Members because he alleges that he suffered injury from the same specific actions that he alleges harmed other members of the class, specifically Plaintiff did not receive proper wage statements that included the correct overtime and shift differential rates, just like the rest of the Class, all of which were processed through the same payroll system. (Declaration of Miguel Angel Serrano Castillo ("Castillo Decl.") at ¶¶ 2). It is Plaintiff's position that his claims are typical of the class as a whole because they arise from the same factual basis and are based on the same legal theory as those applicable to the Class Members. (Castillo Decl. ¶2; Declaration of Larry W. Lee ("L. Lee Decl.") ¶ 3; Choi Decl. ¶ 12).

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

### 4.    Commonality

Commonality relates to whether there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  Commonality is satisfied if there is one issue common to class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Here, Plaintiff contends the common issues include, among other things, whether Defendant failed to provide accurate itemized wage statements. (Choi Decl. ¶ 12).  Courts have routinely certified Labor Code Section 226(a) class actions, including in *Stafford v. Brink's, Inc.*, C.D. Cal. Case No. CV-14-01352-MWF (PLAx) and *Magadia v. Wal-Mart*, 2018 WL 339139 (N.D. Cal. Jan. 9, 2018).  *See also McKenzie v. Fed. Express Corp.*, 275 F.R.D. 290, 299 (C.D. Cal. 2011); *see also Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361, 374 (C.D. Cal. 2009); *Alonzo v. Maximus, Inc.*, 275 F.R.D. 513, 521 (C.D. Cal. 2011).

### 5.    Adequacy

Adequacy under Rule 23(a)(4) is satisfied if the named plaintiffs have no disabling conflicts of interest with other members of the class and Class Counsel are competent and well qualified to undertake the litigation.  *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

Plaintiff submits that no conflict exists between Plaintiff and the Class because Plaintiff allegedly has been damaged by the same alleged conduct as all Class Members and has the incentive to fairly represent all Class Members' claims to achieve the maximum possible recovery.  (Castillo Decl. ¶ 3).  Despite the settlement, Plaintiff remains willing to vigorously prosecute this action to the benefit of the class.

Furthermore, Plaintiff is represented by attorneys who have extensive experience in complex wage and hour litigation as is detailed in each of their declarations supported herewith.  (Choi Decl. ¶ 16; L. Lee Decl. ¶¶ 8-10; Declaration of David J. Lee ("D. Lee Decl.") ¶ 7-9).

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

### 6.    Common Questions of Law and Fact Predominate

Plaintiff contends that common questions of law or fact predominate over individual questions pursuant to Rule 23(b)(3).  These issues of fact and law raised in this action are common to all members of the classes and predominate in this case.  Here, Plaintiff contends that Defendant failed to provide employees with proper wage statements.  Based on discovery, Plaintiff believes and asserts that Defendant committed these violations as to Plaintiff in the same manner as to all Class Members.  (Choi Decl. ¶ 12).

### 7.    Superiority of Class Action

Plaintiff submits that the requirement that a class action is superior to other methods of adjudication under Rule 23(b)(3) is also met.  Courts have recognized that the class action device is superior to other available methods for the fair and efficient adjudication of controversies involving large number of employees in wage and hour disputes.  *See*, e.g. *Hanlon*, 150 F.3d at 1022.  Without class-wide relief in this action, the Class Members would be forced to litigate numerous cases on a piecemeal basis.

## B.    THE SETTLEMENT IS WITHIN THE RANGE OF POSSIBLE JUDICIAL APPROVAL BASED ON AN APPLES TO APPLES COMPARISON WITH PRIOR APPROVED SETTLEMENTS IN THIS DISTRICT.

The standard of review for class settlements is whether the Settlement is within a range of reasonableness.  As Professor Newberg comments:

> Recognizing that there may always be a difference of opinion as to the appropriate value of settlement, the courts have refused to substitute their judgment for that of the proponents. Instead the courts have reviewed settlements with the intent of determining whether they are within a range of reasonableness.…

4 Newberg on Class Actions, at §11.45.

8

Here, the settlement fund is non-reversionary, such that no monies will revert back to Defendant.  The gross settlement of $900,000 is for approximately 45,178 applicable paper wage statements that were issued during the class period. (Choi Decl. ¶ 13).  This amounts to $19.92 per wage statement.  Indeed, an "apples to apples" comparison can be made between this settlement and the settlement in *McKenzie v. Federal Express Corp.*, 2012 US Dist Lexis 103666 (C.D. Cal. July 2, 2012), which involved a gross settlement amount of $8,250,000 for 484,928 wage statements which amounted to approximately $17.00 per wage statement.  Not only did the *McKenzie* case involve the same exaction violations as alleged in the current case, the District Court found that the *McKenzie* settlement to be fair, reasonable and adequate.  *Id.* at *6.  Similarly, in *Brown v. CVS Caremark, et al.* United States District Court, Central District, Case No.:  2:15-cv-07631-JFW-PJW, Hon. Philip S. Gutierrez, granted final approval of a $3,000,000 settlement based on a total of 162,858 wage statements at issue that amounted to $18.42 per wage statement.

Given that the settlement dollar per wage statement is higher in the current case than in the *McKenzie* and *Brown* case, it should lead to the logical conclusion that the current settlement is indeed fair, reasonable and adequate.

## C.   ARMS-LENGTH NEGOTIATION OF THE SETTLEMENT DISCUSSIONS WARRANT APPROVAL

Courts presume the absence of fraud or collusion in the negotiation of settlement unless evidence to the contrary is offered.  *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989); *Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co*., 834 F.2d 677, 682 (7th Cir. 1987); *In re Chicken Antitrust Litig*., 560 F. Supp. 957, 962 (N.D. Ga. 1980).  Courts do not substitute their judgment for that of the proponents, particularly where, as here, settlement has been reached with the participation of experienced counsel familiar with the litigation.  *National Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 528 (C.D. Cal. 2004);

9

*Hammon v. Barry*, 752 F. Supp. 1087, 1093-1094 (D.D.C. 1990); *Steinberg v. Carey*, 470 F. Supp. 471, 478 (S.D.N.Y. 1979); *Sommers v. Abraham Lincoln Federal Sav. & Loan Ass'n*, 79 F.R.D. 571, 576 (E.D. Pa. 1978).

While the recommendations of counsel proposing the settlement are not conclusive, the Court can properly take them into account, particularly where, as here, they have been involved in extensive litigation, informal and formal discovery, appear to be competent, and have experience with this type of litigation. Newberg on Class Actions at §11.47; *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 528 ("So long as the integrity of the arm's length negotiation process is preserved, however, a strong initial presumption of fairness attaches to the proposed settlement . . . and 'great weight' is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.") (Citations omitted).

### 1.    Experience Of Class Counsel

Here, both counsel for Plaintiff and Defendant have a great deal of experience in wage and hour class action litigation.  Plaintiff's attorneys have been approved as class counsel in a number of other wage/hour class actions and have litigated class action cases for years.  (Choi Decl. ¶ 16; L. Lee Decl. ¶¶ 8-10; D. Lee Decl. ¶ 7-9).  Moreover, Plaintiff's Counsel conducted an extensive investigation of the factual allegations involved in this case. (Choi Decl. ¶¶ 7-8) Thus, based upon such experience and knowledge of the current case, Plaintiff's Counsel believe that the current Settlement is fair, reasonable and adequate. (Choi Decl. ¶ 11; L. Lee Decl. ¶ 12; D. Lee Decl. ¶¶ 4).

### 2.    Investigation And Discovery Prior To Settlement

Each side has apprised the other of their respective factual contentions, legal theories and defenses, resulting in extensive arms-length negotiations taking place among the Parties.  Indeed, Defendant has provided to Plaintiff detailed data on the damages for the Class.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff has received the class data necessary to analyze and determine liability and potential exposure on the amount of penalties and damages owed to the class. In other words, Plaintiff has conducted detailed discovery on both liability and damages. As stated above, an apples to apple comparison of this settlement to the *McKenzie v. Federal Express Corp.* and *Brown v. CVS Caremark, et al.* shows that the current settlement will yield a higher per wage statement payout to the class.

### 3.    Risk Of Continued Litigation

To assess the fairness, adequacy and reasonableness of a class action settlement, the Court must weigh the immediacy and certainty of substantial settlement proceeds against the risks inherent in continued litigation. *In re General Motors Corp.*, 55 F.3d 768, 806 (3d Cir. 1995) ("present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing, should be compared with the amount of the proposed settlement."); *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 616-17 (N.D. Cal. 1979); MCL § 21.62 at 316.

Here, the Settlement affords fair relief to the Class, given that it avoids significant legal and factual battles that otherwise may have prevented the Class from obtaining any recovery at all. While Plaintiff's attorneys believe that the Class' claims are meritorious, they are experienced and realistic, and understand that the outcome of a trial, and the outcome of any appeals that would inevitably follow if Plaintiff prevailed, are inherently uncertain in terms of both outcome and duration. Moreover, Defendant intended to file a motion for full and/or partial summary judgment disposing of the class claim had this case not resolved through settlement, which would also have likely generated appeals by the Parties.

Given these uncertainties through this class action settlement the risks of continued litigation have been eliminated while providing a substantial benefit to the class.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

### 4. The Complexity, Expense, And Likely Duration Of Continued Litigation Against The Settling Defendant Favors Approval

Another factor considered by courts in approving a settlement is the complexity, expense, and likely duration of the litigation. *Officers of Justice*, 688 F.2d at 625; *Girsh*, 521 F.2d at 157. In applying this factor, the Court must weigh the benefits of the settlement against the expense and delay involved in achieving an equivalent or more favorable result at trial. *Young v. Katz*, 447 F.2d 431, 433-34 (5th Cir. 1971).

The idea of balancing a fair recovery now, with settlement dollars being paid out now, as opposed to a years-long litigation and appeals process regarding various potential issues, is a significant factor in favor of approval of the class settlement. *DIRECTV*, 221 F.R.D. at 526-27 ("Avoiding such a trial and the subsequent appeals in this complex case strongly militates in favor of settlement rather than further protracted and uncertain litigation.").

The Settlement in this case is therefore consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class action suits." *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); 4 Newberg on Class Actions, at § 11.41.

### 5. Non-Admission Of Liability By Defendant

Finally, Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in this lawsuit. Defendants maintain that they have complied at all times with all California wage and hour laws. Because of such denial, if this case is not resolved, it will likely continue to be a long and protracted litigation.

### 6. Settlement Was The Result of Private Mediation and With Approval of the Class Representative

As stated above, the settlement was reached only after the Parties engaged in

12

1    a full day mediation with well respected mediator David Rotman.  (Choi Decl. ¶ 8).

2    The Class Representative further authorized the entering into the settlement, which

3    resulted in the memorandum of understanding and formal settlement agreement

4    being signed.  (Castillo Decl. ¶4).

### D.    INCENTIVE PAYMENT

6          As will be fully detailed in Plaintiff's Motion for Attorney Fees, Costs and

7    Representative Enhancement, Plaintiff's incentive payment request meets the

8    standard set forth in *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157 (9th

9    Cir. 2013).  Plaintiff personally met with Class Counsel on a number of occasions

10   to discuss the case, including providing substantive information regarding

11   Defendant's practices. (*Id.* at ¶5).  As part of his duties as the Class Representative,

12   he provided invaluable information including the Defendant's wage and hour

13   practices, and the procedures that he followed during his employment with

14   Defendant.  (*Id.* at ¶6) Plaintiff brought this action as a class action instead of an

15   individual action so that the class would be able to benefit from this case.  (*Id.* at

16   ¶7) Because the claims alleged by the Class Representative involved the payment

17   of fees and costs to the prevailing party, Plaintiff could have possibly faced paying

18   the fees and costs of Defendant, had Plaintiff not prevailed in this action. (*Id.* at ¶8)

19   Plaintiff's name was listed on the class action complaint. He understood that this

20   case would be in the public record and there was a possibility that a class action

21   would receive more notoriety than an individual action and undertook such

22   notoriety. (*Id.* at ¶9)  Plaintiff has made himself available throughout this litigation,

23   such as reviewing and signing the PAGA letter to the LWDA, signing his

24   Declaration during this litigation and reviewing and signing the Settlement

25   Agreement.  (*Id.* at ¶10)

26          Finally, Plaintiff will be required to provide a full and general release of all

27   claims, including a California Code of Civil Procedure § 1542 waiver – something

28   that other class members do not have to provide.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff understands that the incentive payment is conditioned on final approval of the settlement.  (Castillo Decl. ¶11).

### E.    ADEQUACY OF CLASS NOTICE

In conformance to the Court's April 20, 2018 Order (Dkt No. 28), the Settlement Agreement does not require class members to submit their objections to counsel, the class administrator and the Court.  Rather, all objections are to be submitted in writing solely to the Court.  (Settlement Agreement ¶15).

Further, the class notice mailed to class members will have an Exclusion Form that that the Class Members can utilize to opt out of the settlement. (Settlement Agreement ¶16.3).

### F.    ADMINISTRATION OF THE SETTLEMENT

The Parties have agreed to utilize Phoenix Settlement Administrators to administer the settlement.  (Settlement Agreement ¶1.31).  The Settlement Administrator's duties are as follows:

> "This administration duty shall include without limitation, setting up an escrow account for funding of the Settlement, obtaining tax identification number(s) for Defendant applicable to the Settlement, calculating the Class Member Payments, performing an initial National Change of Address ("NCOA") search upon receipt of the Class Member mailing addresses, mailing the Notice Packets, performing one skip trace on Notice Packets returned as undeliverable, establishing a hotline telephone number to communicate with Class Members about the Settlement, reviewing and processing requests for exclusion, mailing the Class Members Payments and tax forms to the Settlement Class Members, and making all required distributions.  The Settlement Administrator will report payment of the individual Class Member Payments to all required taxing and other authorities, take appropriate withholdings, forward payments for withholdings and requisite reporting documentation to the applicable taxing agencies, and issue Internal Revenue Service Form 1099s.  The Settlement Administrator will establish a Qualified Settlement Fund ("QSF"), pursuant to Section 468B(g) of the Internal Revenue Service, for the purposes of administering the Settlement.  Subject to Court approval, all Settlement Administration Costs shall be taken from the GSA.  The Parties expect Settlement Administration Costs to not exceed Fifteen Thousand Dollars (**$15,000.00**).  Any unapproved amount of Settlement Administration Costs shall be allocated to the NSA and apportioned to the Class Members as described in Paragraph 5 of this Settlement Agreement.  The award of Settlement Administrator Costs in the amount sought is not a material term of this Agreement and the

14

award of an amount less than requested by Plaintiff does not give rise to a basis to abrogate this Agreement."

(Settlement Agreement ¶9).

## G.    THE SCOPE OF THE RELEASE IS LIMITED TO THE CLAIMS ALLEGED IN THIS ACTION ONLY

Class members will only be releasing claims that were alleged in the operative Second Amended Complaint as follows:

> "any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, that were or could have been brought based on the facts or claims alleged or litigated in the Second Amended Complaint filed in this Action. The claims released by the Settlement Class Members include, but are not limited to, statutory, constitutional, contractual or common law claims for damages, penalties, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising out of or based upon the following categories of allegations regardless of the forum in which they may be brought, to the fullest extent such claims are releasable by law: (a) any and all claims for failure to provide accurate wage statements pursuant to Labor Code § 226, and (b) all other civil and statutory penalties, including those recoverable under the Private Attorneys General Act, Labor Code Section 2698 et seq. based on the facts or claims alleged in the Second Amended Complaint ("Released Claims"). The Released Claims include without limitation claims meeting the above definition(s) under any and all applicable statutes, including without limitation any provision of the California Labor Code based on the facts or claims alleged in the Second Amended Complaint in the action; and any provision of the applicable California Industrial Welfare Commission Wage Orders based on the facts or claims alleged or litigated in the Second Amended Complaint in the Action."

(Settlement Agreement ¶13.3).

As detailed above, the Class Members will only be releasing claims that were alleged in the operative Second Amended Complaint and will not be providing a release or waiver pursuant to California Civil Code §1542.

## H.    ATTORNEYS FEES AND COSTS

Pursuant to the terms of the Agreement, and without opposition from Defendant, Class Counsel will move for attorneys' fees and costs contemporaneous with the Motion for the Final Approval Order up to Three Hundred Thousand Dollars ($300,000.00) which is one-third of the gross settlement amount plus a cost award not to exceed Twenty-Five Thousand Dollars ($25,000.00). (Settlement

15

Agreement ¶6).

The California Supreme Court issued its ruling regarding the award of attorney's fees in wage and hour class action settlements. Under California law, the award of attorneys' fees in common fund wage and hour class action settlements is proper under the percentage method. *See Laffitte v. Robert Half Int'l*, 1 Cal. 5th 480, 503 (Aug. 11, 2016) ("We join the overwhelming majority of federal and state courts in holding that when class action litigation establishes a monetary fund for the benefit of the class members, and the trial court in its equitable powers awards class counsel a fee out of that fund, the court may determine the amount of a reasonable fee by choosing an appropriate percentage of the fund created."). Under the percentage of the fund method, the Court's objective remains to "mimic the market" in fixing a reasonable fee. *See Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998) (J. Posner) ("When a fee is set by a court rather than by contract, the object is to set it at a level that will approximate what the market will set... The judge, in other words, is trying to mimic the market in legal services.").

## III.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant preliminary approval for the proposed class action settlement and schedule a "fairness hearing," i.e. a hearing on the final approval of the settlement.


DATED:  June 8, 2018        LAW OFFICES OF CHOI & ASSOCIATES, P.C.


By:   /S/ EDWARD W. CHOI, ESQ.
        Edward W. Choi, Esq.
        Attorney for Plaintiff and the Class